[No. 13252. Department One. — June 16, 1891.]

JEREMIAH RESPINI, Appellant, v. FEDELE PORTA, Respondent.

Landlord and Tenant — Abandonment of Leased Premises — Reletting — Surrender.— Where a tenant abandons the leased premises without the consent of his landlord, the taking possession of the premises by the landlord against his wish, and the reletting of the property thereafter to another tenant, do not constitute a surrender and termination of the lease.

Id. — Election by Landlord — Reletting — Damages for Abandonment. — A landlord, upon a wrongful abandonment of the leased premises by the tenant, may elect not to meddle with the property and recover the full rent for the term; but if he relets the premises to another tenant, he can recover as damages for the breach only the difference between the rent he was to receive and the rent actually received from the subsequent tenant, provided there has been good faith in the reletting.

Id. — Construction of Code.— The right of a landlord to damages for the abandonment of the leased premises by the tenant is measured by the provisions of section 3300 and not by section 3302 of the Civil Code.

Id. — Action for Damages — Pleading — Limitation of Relief.— The fact that between the time of the abandonment of the premises and the trial of the action the amount of damage resulting from the lessee's breach of his obligation had increased would not warrant the trial court in allowing for loss upon any subsequent installments of rent, where no claim was made in the complaint for anything beyond the amount of the first installment of rent falling due after the abandonment.

Appeal from a judgment of the Superior Court of Santa Cruz County.

The facts are stated in the opinion of the court.

*Joseph H. Skirm*, for Appellant.

The covenant to pay the rent quarterly, in advance, was an obligation to pay money only, and the detriment caused by the breach of an obligation to pay money only is deemed to be the amount due by the terms of the obligation, with interest thereon. (Civ. Code, sec. 3302.)

*Z. N. Goldsby*, for Respondent.

The measure of damages in such a case as this is regulated by section 3302 of the Civil Code. The rule

adopted by the court was the correct one here; the rule invoked by appellant is the proper one only when no other possible mode is left of ascertaining the damage. (*Baldwin* v. *Bennett,* 4 Cal. 392; *Coffee* v. *Meiggs,* 9 Cal. 364; *Webb* v. *Trescony,* 76 Cal. 621.)

PATERSON, J. — On November 1, 1884, the plaintiff leased certain real and personal property to the defendant for the term of five years at an annual rental of two thousand four hundred dollars, payable quarterly in advance. The defendant entered into possession of the lands and held the same, and paid the rent regularly for one year. On November 2, 1885, plaintiff demanded payment of the rent due for the first quarter of the second year, but the defendant replied that he had no more money, could not pay the rent, and was going to leave the place and give up everything. Plaintiff answered that he had not come to take possession of the property, but to ask for his rent, but if the defendant was going to abandon the property, he would take possession of the same to protect it. The defendant thereupon surrendered possession of the property to the plaintiff. A few days after the second day of November, 1885, the plaintiff leased the property to one Filippini at a rental of two thousand dollars per year, and the latter has ever since held possession and paid rent at that rate.

This action was brought by the plaintiff to recover the sum of six hundred dollars, being the amount claimed to be due him from defendant on November 1, 1885, together with interest thereon at the rate of seven per cent per annum from that date.

The court below held that the defendant was entitled to a credit of five hundred dollars, the amount the plaintiff had received from Filippini.

It was properly held by the court below that the abandonment of the premises to the plaintiff, and the taking possession by him against his wish, and the subsequent

letting of the property to another tenant, was not a surrender and termination of the lease under the circumstances.   A landlord upon a wrongful abandonment by his tenant may, if he choose, decline to meddle with the property at all, and at the end of the term sue for the rent.   He is not, however, driven to this course, and run the risk of damage to his property or the insolvency of his tenant.

In this case the plaintiff pursued the right course in letting the property to Filippini, and we presume that he procured the highest rent that could be obtained. But we cannot support him in his contention that because the defendant, against his (plaintiff's) wishes and without right, abandoned the property, he is entitled to recover the full amount provided for by the terms of the lease to defendant.   Our code provides that "for the breach of an obligation arising from contract, the measure of damages, except where otherwise expressly provided by this code, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which in the ordinary course of things would be likely to result therefrom."   (Civ. Code, sec. 3300.)   We think plaintiff's rights are measured by the provisions of this section, and not by section 3302 of the Civil Code.   In cases of this kind the landlord is not entitled to recover for *rent* of the premises after the abandonment of them by the defendant, but has compensation for the injury, and his measure of damage is the difference between the rent he was to receive and the rent actually received from the subsequent tenant, provided there has been good faith in the subsequent letting.   (Gear on Landlord and Tenant, secs. 128, 176; *Ledoux* v. *Jones*, 20 La. Ann. 540; *Bloomer* v. *Merrill*, 29 How. Pr. 259; *Randall* v. *Thompson*, 1 Tex. App. 1102; *Auer* v. *State*, 99 Pa. St. 370; 44 Am. Rep. 114; *Field* on Damages, 523.)

Appellant contends that as nearly two years had

passed between the time of the abandonment by the defendant and the trial of this action, the court below ought to have allowed the plaintiff about eight hundred dollars, that being the amount of damage up to that time caused by the defendant's breach of his obligation as lessee. The complaint, however, was filed on November 28, 1885, and no claim was made therein for anything beyond the amount of the first installment. Under the pleadings, the court could not allow any subsequent installments.

Judgment affirmed.

HARRISON, J., and GAROUTTE, J., concurred.

Hearing in Bank denied.