[L. A. No. 3116.  In Bank.—June 17, 1912.]

GERTRUDE OLIVER as Executrix of the Will of Byron L. Oliver, Deceased, Appellant, v. FRED R. LOYDON, Respondent.

LEASE—REPUDIATION BY LESSEE—RIGHT TO RECOVER RENT.—The repudiation of a lease by the lessee does not operate at once to mature all the rent reserved in the lease and to enable the lessor to recover, not only the installments already accrued, but those to accrue in the future.

ID.—REMEDIES OF LESSOR UPON REPUDIATION BY LESSEE.—When a lease is repudiated and the premises abandoned, the landlord may pursue one of two courses, he may rest upon his contract and sue the tenant as each installment of rent, or the whole thereof, becomes due; or, he may take possession of the premises and recover damages, which damages will be the difference between what he may be able to rent the premises for and the price agreed to be paid under the lease.

ID.—PLEADING—CAUSE OF ACTION FOR DAMAGES—INSUFFICIENT ALLEGATIONS.—Notwithstanding a general allegation in the complaint by the lessor that the lessee has "renounced and repudiated" the lease, no cause of action for damages is shown, where it affirmatively appears therefrom that there has been no actual repudiation, and nothing more than a mere threat on the part of the lessee that he would not be further bound by the lease, notwithstanding which he continued to occupy the premises, and did not actually default in the performance of any of the conditions of the lease.

APPEAL from a judgment of the Superior Court of Los Angeles County.  Walter Bordwell, Judge.

The facts are stated in the opinion of the court.

Grant Jackson, for Appellant.

Milton K. Young, for Respondent.

ANGELLOTTI, J.—This is an appeal by plaintiff from a judgment given by the trial court in favor of defendant on the pleadings, the motion for such judgment being based on the ground, among others, that the complaint did not state facts sufficient to constitute a cause of action.

The action was instituted on April 10, 1909, to recover the sum of $455.  The complaint showed substantially the

following facts: On November 14, 1908, plaintiff's testator
leased to defendant by an instrument in writing certain
real property for the term of one year, commencing No-
vember 15, 1908, and ending November 14, 1909, in consid-
eration of which defendant agreed to pay as rent seven
hundred and eighty dollars in monthly installments of sixty-
five dollars, payable in advance on the fifteenth day of
each month during said term, and also agreed that he
would keep the premises in good order and repair and pay
all water, gas, electric light, and telephone rates. On Novem-
ber 15, 1908, defendant entered into the sole and exclusive
possession of said premises, "*and has ever since remained
therein,* and has paid all rents thereon up to and including
the month beginning the 15th day of March, 1909, together
with" the expenses of repairs and other sums agreed by him
to be paid. "On or about the 9th day of April, 1909, the
defendant renounced and repudiated the said lease and noti-
fied the plaintiff that he would no longer be bound thereby,
and that he did then and there refuse and would continually
refuse to pay any further rental accruing under said lease"
or the other expenses and charges provided therein. It was
further alleged "that the premises of the kind and character
described in said written lease are not rentable during the
months of April, May, June, July, August, September or
October of any year; that plaintiff is and will be unable to
rent said premises during said months, and that he will be
compelled to permit said premises to remain unoccupied and
unrented." It was also alleged "that there is now unpaid
upon said lease the monthly installment of sixty-five ($65.00)
dollars per month for the months *beginning April 15, 1909,*
and ending November 14, 1909, and amounting to the sum of"
$455. Judgment was sought for that amount.

It will be observed from the foregoing that it is affirma-
tively shown by the complaint that at the time of commence-
ment of this action, April 10, 1909, first, there was nothing
due from defendant to plaintiff's testator on account of the
rents agreed to be paid, and defendant had not committed
any breach of any provision of the lease, and, second, that
defendant had not abandoned or removed from the premises,
but was still in possession thereof.

It is settled by the recent decision in *Bradbury* v. *Higginson,* (L. A. No. 2885), 162 Cal. 602, [123 Pac. 797], that the repudiation of a lease by the lessee does not operate at once to mature all the rent reserved in the lease and to enable the lessor to recover, not only the installments already accrued, but those to accrue in the future. In that case it was said as to this proposition: ''But the proposition cannot be successfully maintained. It finds no support in the authorities with the exception of a few cases decided in Louisiana, a jurisdiction which is largely governed by the doctrines of the civil law. The general common-law rule is that rent, as such, is not payable until it falls due under the lease, and this rule ·is not altered by the fact that the tenant has abandoned the premises and notified the landlord that he will repudiate the lease. (*Nicholes* v. *Swift,* 118 Ga. 922, [45 S. E. 708].) Viewing the action as one for rent it is not distinguishable, in principle, from *Tatum* v. *Ackerman,* 141 Cal. 357, [113 Am. St. Rep. 276, 7 Ann. Cas. 541, 3 L. R. A. (N. S.) 908, 83 Pac. 151.]'' This statement is equally applicable here, even if we assume that a repudiation of the lease was shown by the complaint. According to the complaint, there was no rent due at the time of the commencement of the action.

Viewing the action as one for damages caused plaintiff's testator by a repudiation of the lease: It was said in the opinion in *Bradbury* v. *Higginson,* 162 Cal. 602, [123 Pac. 797]: ''When a lease is repudiated and the premises abandoned, the landlord may pursue one of two courses: He may rest upon his contract and sue his tenant as each installment of rent, or the whole thereof becomes due; or, he may take possession of the premises and recover damages, which damages will be the difference between what he may be able to rent the premises for and the price agreed to be paid under the lease.'' The complaint in the case at bar differs from that in *Bradbury* v. *Higginson,* 162 Cal. 602, [123 Pac. 797], in that it does allege facts showing damage in the event that defendant does not perform his contract. But, notwithstanding the general allegation that defendant ''renounced and repudiated the said lease'' the complaint affirmatively shows that there had been no actual repudiation of the lease; nothing more, in fact, than a mere threat on the part of de-

fendant that he would not be further bound thereby, notwithstanding which he continued to occupy the premises, and did not actually default in the performance of any of the conditions of his contract. As said by the district court of appeal in deciding this case, it thus appears that "there was no repudiation of the demised estate under the lease, but merely a repudiation of the obligation to pay the rent *not yet due,*" and also, we may add, a repudiation of the obligation to pay other charges *not yet due.* In other words, whatever the defendant may have *said,* he had never surrendered or offered to surrender possession of the demised premises, and was still in possession thereof *under his lease,* without having actually defaulted in the performance of any covenant or condition thereof, and was entitled to continue in such possession as long as he actually performed, as they accrued, the various obligations imposed upon him by the lease. As said by Justice James in his concurring opinion filed in this case in the district court of appeal, the facts shown by the complaint "are inconsistent with the general allegation found in the complaint that . . . the defendant renounced and repudiated the said lease." It follows from what we have said that no cause of action for damages was shown by the complaint. Therefore the action of the court in granting the motion for judgment on the pleadings was correct.

The judgment is affirmed.

Shaw, J., Sloss, J., Lorigan, J., Melvin, J., and Henshaw, J., concurred.