[S. F. No. 17155. In Bank. Aug. 21, 1945.]

ROSEMOND T. De HART et al., Respondents, v. JOSEPH ALLEN, Appellant.

830

Walter F. Lynch and Ernest Spagnoli for Appellant.

Carl E. Day and Abraham Setzer for Respondents.

GIBSON, C. J.—On August 1, 1931, plaintiffs leased a rooming house to defendant for a period of five years at a monthly rental of $250. In December, 1933, the lease was assigned with the consent of the lessor to one Gammons, who accepted the lease and all of its obligations. As a part of the transaction plaintiffs gave defendant a satisfaction of a chattel mortgage which had been executed as security for the rentals. Gammons paid rent for two months, abandoned the premises and disappeared.

In three separate actions in the municipal court against defendant plaintiffs recovered rentals for the period from February to May, 1934. During the period from June to September, 1934, they endeavored unsuccessfully to relet the premises but on October 1, 1934, they obtained a new tenant at a monthly rental of $125.

In January, 1940, and within four years after the lease expired, plaintiffs brought this action for damages against defendant, seeking recovery for the difference between the rentals called for in defendant's lease and those received from the new tenant. Judgment for plaintiffs was revers-on appeal. (*De Hart* v. *Allen*, 49 Cal.App.2d 639 [122 ᵈ 273].) On the second trial, judgment was again entered ₺ plaintiffs, and this appeal was taken by defendant.

Defendant contends that the satisfaction of mortgag and plaintiffs' consent to the assignment of the lease to Gam

mons terminated his liability. He further claims that the lease is invalid because it was made for an illegal purpose. These issues were either expressly presented or could have been raised in the municipal court actions, and the judgments therein are therefore res judicata. (*Sutphin* v. *Speik*, 15 Cal. 2d 195, 202 [99 P.2d 652, 101 P.2d 497] ; *Todhunter* v. *Smith*, 219 Cal. 690 [28 P.2d 916].) ▆ Moreover, these contentions were rejected on the former appeal and that decision has become the law of the case. (*De Hart* v. *Allen*, 49 Cal. App.2d 639 [122 P.2d 273].)

Defendant claims that he was not given notice of reletting and that hearsay evidence thereof was erroneously admitted at the trial. Plaintiffs assert that under the terms of the lease notice was not required, but that it was nevertheless given and proved by competent evidence. We need not determine whether notice of reletting was necessary as we are satisfied that the giving thereof was properly proved at the trial.

▆ The court received in evidence, over defendant's objection, a writing in the form of an affidavit of service, signed by a process server, which recited that affiant had served on defendant a notice by plaintiffs that Gammons had abandoned the premises and that plaintiffs would relet them for defendant's benefit. On or about the day the notice was served, the document reciting such service was signed by the process server in the presence of plaintiff's attorney who placed it in his files. The signature on the document was identified as that of the process server by witnesses. The process server died before the trial and the document was never notarized.

The writing was admissible under the "Uniform Business Records as Evidence Act" (Code Civ. Proc., §§ 1953e-1953h). Subdivision f of the section provides: "A record of an act, condition or event, shall, in so far as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission." The act provides that the term "business" shall include every kind of business, profession, occupation or calling. Since the document was prepared by the process server in the usual course of his occupation or calling and otherwise met the requirements of

the act it was properly admitted in evidence. (See *Loper* v. *Morrison*, 23 Cal.2d 600, 608 [145 P.2d 1].)

No notice of reletting was given to Gammons, and defendant contends that when the assignment was made he became a surety and that the failure of plaintiffs to notify Gammons that the premises would be relet for his benefit operated to release defendant from liability. Ordinarily an assignment of a lease does not release the lessee from his obligations even though the lessor consents to the assignment. (*Samuels* v. *Ottinger*, 169 Cal. 209, 211 [146 P. 638, Ann. Cas. 1916E 830].) Nor does the express assumption by the assignee of obligations under the lease affect the liability of the lessee to the lessor. (*Lopizich* v. *Salter*, 45 Cal.App. 446, 449 [187 P. 1075]; 32 Am.Jur. 315.) It has sometimes been said that the effect of an assignment is to make the lessee a surety for the assignee. (*Samuels* v. *Ottinger*, 169 Cal. 209, 212 [146 P. 638, Ann.Cas. 1916E 830]; *Brosnan* v. *Kramer*, 135 Cal. 36, 39 [66 P. 979]; *Schehr* v. *Berkey*, 166 Cal. 157, 160 [135 P. 41].) This may be true in a limited sense as between the assignee and his assignor, the lessee, but as between the lessor and the lessee the latter remains a primary obligor under his express contract to pay rent. (*T.A.D. Jones Co.* v. *Winchester Repeating Arms Co.*, 55 F.2d 944, 61 F.2d 774, cert. denied, 288 U.S. 609 [53 S.Ct. 401, 77 L.Ed. 983]; Tiffany on Landlord and Tenant, vol. 1, p. 994; 32 Am. Jur. 310-311, 321.) It was therefore not necessary to give notice of reletting to Gammons in order to hold defendant.

It is next urged that it was error for the court to award as damages rent due for the period the premises were vacant (June to September, 1934) because this was, in effect, a recovery for rent, the collection of which was barred by the statute of limitations. Where, as here, the premises have been abandoned the lessor may consider the lease as still in existence and sue for the unpaid installments of rent as they become due for the unexpired portion of the term, or he may retake possession for the lessee's account and relet the premises, holding the lessee for the difference between the rentals under the lease and what the lessor was able in good faith to procure by reletting. (See *Treff* v. *Gulko*, 214 Cal. 591, 598 [7 P.2d 697]; *Phillips-Hollman, Inc.* v. *Peerless Stages*, 210 Cal. 253, 258 [291 P. 178]; *Oliver* v. *Loydon*, 163 Cal. 124 [124 P. 731].)

Plaintiffs elected to pursue the latter remedy and since the lease contained no provision to the contrary, the right of action for damages did not accrue until the end of the term. (*Treff* v. *Gulko*, 214 Cal. 591, 599 [7 P.2d 697]; *Phillips-Hollman, Inc.* v. *Peerless Stages,* 210 Cal. 253, 258 [291 P. 178]; *Oliver* v. *Loydon,* 163 Cal. 124 [124 P. 731].) The fact that plaintiffs were unsuccessful in reletting the premises for the months of June to September, 1934, did not preclude the allowance of damages for the loss of rentals during this period. The suit was commenced within the statutory period after the cause of action accrued and therefore was not barred.

It is contended that no award should have been made for rentals for the months of June and July, 1934, because recovery therefor was denied on the first trial and plaintiffs did not appeal. The judgment was reversed, however, on the appeal taken by defendant, and the unqualified reversal set at large for readjudication all issues involved in the case. (*Estate of Wear,* 20 Cal.2d 124, 128 [124 P.2d 12]; *Atchison etc. Ry. Co.* v. *Superior Court,* 12 Cal.2d 549, 555 [86 P.2d 85]; *Estate of Pusey,* 177 Cal. 367, 371 [170 P. 846].)

The judgment is affirmed.

Shenk, J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Goodell, J. pro tem., concurred.

Appellant's petition for a rehearing was denied September 17, 1945. Spence, J., did not participate therein.