## NEVEAUX v. INTERSTATE MOTOR FREIGHT CORPORATION.

No. 5201.

District Court, E. D. Michigan, S. D.

Feb. 27, 1932.

Munro, Powell, Wing & Covey, of Detroit, Mich. (Leo Wing, of Detroit, Mich., of counsel), for receiver.

O'BRIEN, District Judge.

This matter came on for hearing on the petition of the receiver appointed by this court for defendant, Interstate Motor Freight Corporation, praying for instructions relative to his duties with respect to the Ohio assets and business of said defendant, and the report thereon of the Honorable William S. Sayres, Jr., as special master, made in pursuance of the general order of reference entered in this cause.

After careful consideration of the report of the special master, I have concluded to adopt that portion of same quoted below as and for the opinion of this Court:

"The duties of the receiver in this connection depend upon the applicability to this case of section 56 of the Judicial Code, being section 117 of title 28, of the United States Code (28 USCA § 117), providing as follows:

" 'Where in any suit in which a receiver shall be appointed the land or other property of a fixed character, the subject of the suit, lies within different States in the same judicial circuit, the receiver so appointed shall, upon giving bond as required by the court, immediately be vested with full jurisdiction and control over all the property, the subject of the suit, lying or being within such circuit; subject, however, to the disapproval of such order, within thirty days thereafter, by the circuit court of appeals for such circuit, or by a circuit judge thereof, after reasonable notice to adverse parties and an opportunity to be heard upon the motion for such disapproval; and subject, also, to the filing and entering in the district court for each district of the circuit in which any portion of the property may lie or be, within ten days thereafter, of a duly certified copy of the bill and of the order of appointment. The disapproval of such appointment within such thirty days, or the failure to file such certified copy of the bill and order of appointment within ten days, as herein required, shall divest such receiver of jurisdiction over all such property except that portion thereof lying or being within the State in which the suit is brought. In any case coming within the provisions of this section, in which a receiver shall be appointed, process may issue and be executed within any district of the circuit in the same manner and to the same extent as if the property were wholly within the same district; but orders affecting such property shall be entered of record in each district in which the property affected may lie or be.'

"The Interstate Motor Freight Corporation is a common carrier engaged in the business of transportation of freight by motortrucks in both intrastate and interstate com-

merce between the cities of Cleveland and Toledo, Ohio; Detroit, Grand Rapids, and Muskegon, Michigan; Indianapolis and Ft. Wayne, Ind.; and Chicago, Ill.

"We are concerned here only with the interstate operations of the company between points in Ohio and points in Michigan within this judicial circuit.

"The company operates its trucks and trailers over highways designated by the Public Utilities Commission of the respective states under permits or franchises issued by the respective states known as interstate permits which prohibit the company from operating over any other highways between the points designated except in case of emergencies such as blocking of highway, etc. Under these permits or franchises the company is only permitted to move freight from a point in one state to a point without that state. So far as Ohio and Michigan are concerned, the permits or franchises granted by such states connect at the state line.

"The company operates several through trucks, loaded with freight daily between Detroit, Mich., and Cleveland, Ohio, and between Detroit, Mich., and Toledo, Ohio, over the designated highways. It maintains terminal facilities in Cleveland, Ohio, Toledo, Ohio, Detroit, Grand Rapids, and Muskegon, Mich., Ft. Wayne and Indianapolis, Ind., and Chicago, Ill. These facilities in the main consist of leased buildings with offices for the clerical staff and a dock or platform from which the freight is loaded and unloaded on and from the motor vehicles. Usually a truck discharges its cargo of freight at the terminal, reloads, and makes a through return trip.

"On January 25, 1932, John F. Ivory, a man with many years' experience in motor-truck transportation, was appointed receiver by order of this court, who qualified by filing the required bond the following day and immediately went into possession, and has since continued to operate the business of the company as directed under the supervision of this court. Due to complications which immediately developed in Cleveland, Ohio, he found that it was necessary to take action there to avoid undue interruption in operating the business.

"The receiver thereupon, on January 28, 1932, filed a bill in the District Court of the United States for the Northern District of Ohio, Eastern Division, for the appointment of an ancillary receiver and attached to said bill, when so filed, certified copies of the bill filed in this court, the order appointing the receiver and the receiver's bond. The receiver supposed that, by so proceeding, he was complying with and obtaining the powers created by this statute, if it were applicable, and also that, if he should be, as he expected to be, appointed ancillary receiver, the same result would be accomplished, even if such statute should thereafter be determined to be inapplicable. The Ohio court, however, without passing upon or having its attention called to the question as to the applicability of the statute, and after the filing of the certified copies of the documents above mentioned, appointed as ancillary receiver a person other than the receiver.

"The receiver appointed by this court had already taken possession of, and was operating, the property and business of the defendant over the entire system, including that part thereof located within the state of Ohio, had placed all employees at the various terminals in the employ of the receiver and had transferred the bank account at Cleveland into his name.

"The first question that arises is whether or not the property of defendant company is property of a 'fixed character lying within' the states of Ohio and Michigan in this judicial circuit, within the meaning of the statute involved.

"It is imperative to the successful operation of this business that all funds accumulated at the terminals, after retaining a small petty cash account, be remitted to the Detroit office; that the trucks be regulated and distributed from such office between the terminals in accordance with the volume of business available; that the amount of freight accepted for shipment be controlled from such office, and that all of the property and business of this receivership estate be at all times in the custody and under the control of a single operating head.

"The permits or franchises, the terminal facilities, the equipment operated by the company and such other of its assets as are used in the business constitute an interstate transportation system.

"The permits or franchises are property of considerable value, and establish, fix, and settle the route traversed by through transportation units daily between points in the state of Michigan and points in the state of Ohio with depot or terminal facilities in each state in conjunction therewith.

"I cannot avoid the conclusion and therefore rule that the property of the defendant company is property of a fixed character within the states of Ohio and Michigan in this judicial circuit, and that it would do violence

to the intent and spirit of the statute to hold otherwise. I find no authority to the contrary.

"From the facts already stated, it follows, in my opinion, that John F. Ivory, the receiver appointed by this court, upon giving bond as required by this court, became immediately 'vested with full jurisdiction and control over all the property, the subject of this suit lying or being within' this circuit, and has continued to be so vested.

"It cannot be doubted that, if the attention of the Ohio court is called to the situation here presented, and if that court agrees with the views here expressed, it will be quick to recognize and give effect to the prior rights of the receiver of this court."

An order may be entered directing the receiver to respectfully bring this matter to the attention of the District Court of the United States for the Northern District of Ohio, Eastern Division, and to apply to that court for an order discharging the ancillary receiver appointed in said district and directing such ancillary receiver to relinquish possession of and deliver to the receiver appointed by this court any and all assets of the defendant company which he may have in his possession.