[Civ. Nos. 1520, 1521. Second Appellate District.—January 18, 1915.]

## R. M. BAKER, Appellant. v. EILERS MUSIC COMPANY, Respondent.

LANDLORD AND TENANT—ACTION ON LEASE FOR RENT—SURRENDER OF LEASED PREMISES.—An action upon a lease to recover rent alleged to be due cannot be maintained where the court finds that the premises were re-delivered to the lessor at a date prior to the months for which the rent is sought to be recovered, and that thereafter during the same month the lessor took possession of the same and offered them for rent to others, as by such acts the contract was brought to an end and the relationship of landlord and tenant ceased.

ID.—TERMINATION OF LEASE—SURRENDER AND ACQUIESCENCE—EVIDENCE. A lease may be brought to an end by the surrender of the leased premises and the acquiescence in such surrender by the lessor. Such acquiescence is perhaps best evidenced by the landlord's taking pos-

session of the property and assuming again all of the authority over it of an owner in possession.

ID.—BREACH OF LEASE BY LESSEE—REMEDY OF LESSOR—DAMAGES.—A lessor may accept possession of the leased property for the benefit of the tenant, and re-let the same, in which case he has no cause of action except for damages for the difference between what he was able in good faith to let the property for and the amount provided to be paid under the lease agreement.

ID.—FINDINGS OF FACT—CONSTRUCTION OF.—Findings of fact must be resolved in such a way as will result in the judgment being sustained if they are susceptible of a construction to that end.

APPEAL from a judgment of the Superior Court of Los Angeles County.  J. P. Wood, Judge.

The facts are stated in the opinion of the court.

Lucius M. Fall, for Appellant.

Frank Bryant, for Respondent.

JAMES, J.—This is an appeal from a judgment entered against the plaintiff and is presented on the judgment-roll. Two actions were brought, each being to recover a sum of money alleged to be due under the terms of a certain lease affecting real property in the city of Los Angeles. It was stipulated at the trial that both actions should be tried together and but one judgment rendered. The appeal is presented in the same way, although the actions are separately entitled.

By the findings of fact it appears that appellant as lessor, on the eighth day of October, 1910, entered into a lease contract with respondent whereby he let to it certain premises situated on South Broadway Street in Los Angeles City for a term of two years and six months for a gross rental of twelve thousand dollars, which was made payable in sums of four hundred dollars on the ninth day of each and every month; that possession was given of the leased premises to respondent and that it continued to occupy the same and to pay the rental specified up to the ninth day of January, 1912. It is further found that after respondent had taken possession of the premises it permitted the lessor to use a space along the north wall of the building, where there were located windows used for the purpose of admitting light

and air. Just when this permission was given does not
appear. It was further found that no written agreement
was made permitting such use of said space, and that on the
fifth day of July, 1911, the lessee, by notice in writing, de-
manded that the lessor re-deliver the portion of the prem-
ises then being used by him, which demand was refused.
On the twenty-first day of July, 1911, a written notice was
served upon the lessor by which the lessee gave notice that
it rescinded the lease contract. Six months later the lessee
vacated the entire premises, as appears by finding IX of
the trial judge which is as follows: ''That defendant vacated
the portion of said premises theretofore occupied by it, and
re-delivered the same to plaintiff on the eighth day of Janu-
ary, 1912, and that on the thirtieth day of January, 1912,
the plaintiff took possession of the said premises and offered
them for rent to others.'' As a conclusion of law the court
found that there had been an eviction suffered by the lessee,
and that there could be no recovery of any rental. It should
be mentioned that the money claimed in suit was for rental
of the premises for the months of March and April, 1912,
all of which would have accrued, if at all, subsequent to the
time that it is found by the court the lessor took possession
of the premises and offered them for rent to others. The
court found also the fact to be that a part of the considera-
tion for the making of the lease was an agreement on the
part of the lessor, which was consummated, to loan to the
lessee the sum of thirty thousand dollars, which was secured
by collateral.

It is argued on the part of appellant that the defense of
respondent was based upon an alleged rescission of the lease
contract, which rescission was invalid and of no effect for
two reasons: 1. Because it was not shown that the lessee
restored to the lessor, or offered to restore to him, the amount
of money loaned, which was made a part of the considera-
tion for the lease; and 2. That by remaining in possession
of the premises and continuing to pay rent according to the
stipulated terms of the lease for six months after serving
its notice of rescission, the lessee waived its right to effect
a rescission and by its act revived the contract in its full
force. Both of these contentions would seem to be well
founded, if the facts as found by the court were such as to
exclude consideration of any defense except that of rescis-

sion.  We need not determine as to whether the court was
right in its conclusion that there had been an eviction by
the lessor of his tenant.  It is alleged by the respondent in
its answer, and found to be true by the trial court, that the
premises were re-delivered to the lessor on the eighth day of
January, and that thereafter during the same month the
lessor took possession of the same and offered them for rent to
others.  A lease contract may be brought to an end by the
surrender of the leased premises and the acquiescence in such
surrender by the lessor.  Such acquiescence is perhaps best
evidenced by his taking possession of the property and
assuming again all of the authority over it of an owner in
possession.  It is immaterial whether it be said in this case
that the lessor acquiesced in the rescission attempted to be
made by the lessee, or that the parties voluntarily brought
their contract relationship to a close by the one delivering
up the property to the other and the latter accepting it and
proceeding to find another tenant.  The same result follows;
the contract would come to an end and the relationship of
landlord and tenant would cease.  The action was brought
to recover rent under the lease contract, and not for dam-
ages.  A lessor who takes possession of property delivered
to him by his tenant and does so unqualifiedly, thereby re-
leases his tenants.  He may accept possession of the property
for the benefit of the tenant and relet the same; in the latter
case he has no action except one for damages for the differ-
ence between what he was able in good faith to let the
property for and the amount provided to be paid under the
lease agreement.  (*Bradbury* v. *Higginson,* 162 Cal. 602,
[123 Pac. 797] ; *Oliver* v. *Loydon,* 163 Cal. 124, [124 Pac.
731].)  Findings of fact must be resolved in such a way as
will result in the judgment being sustained if they are
susceptible of a construction to that end.

For the reasons stated, we think the judgment is sup-
ported by the findings and should be sustained.

The judgment is affirmed.

The same order will be made in the other case, No. 1521.

Conrey, P. J., and Shaw, J., concurred.