[Civ. No. 1806.   Second Appellate District.—October 17, 1916.]

## A. H. REHKOPF, Appellant, v. JOE WIRZ et al., Respondents.

LANDLORD AND TENANT — ABANDONMENT OF PREMISES — UNQUALIFIED
TAKING OF POSSESSION BY LESSOR—ACTION FOR DAMAGES NOT MAIN-
TAINABLE.—Where the possession of demised premises is vacated by
the lessees prior to the expiration of the term, the lessor cannot
maintain an action for damages in a sum equal to the difference
between the rent which should have been paid under the lease and
the amount for which he was able to rent the property for the
period of the unexpired term, where he, upon being informed by
the lessees of their intention to vacate the premises, took possession
of the property and made a new lease thereof, without making any
further demand upon the lessees, or in any manner informing them
of the course which he would pursue.

ID.—REPUDIATION OF LEASE BY TENANTS—ACCEPTANCE OF POSSESSION
FOR BENEFIT OF LESSEE—DUTY OF LESSOR.—Where a tenant aban-
dons the leased property and repudiates the lease, the landlord
may accept possession of the property for the benefit of the tenant
and relet the same, and thereupon may maintain an action for
damages for the difference between what he was able in good faith
to let the property for and the amount provided to be paid under
the lease agreement. But a lessor who chooses to follow that
course must in some manner give the lessee information that he is
accepting such possession for the benefit of the tenant, and not in
his own right and for his own benefit.

ID.—UNQUALIFIED ACCEPTANCE BY LESSOR—RELEASE OF LESSEE.--An
unqualified taking of possession by the lessor, and reletting of the
premises by him as owner to new tenants, is inconsistent with the
continuing force of the original lease.   If done without the consent
of the tenant to such interference, it is an eviction, and the tenant
will be released.   If done pursuant to the tenant's attempted
abandonment, it is an acceptance of the surrender and likewise
releases the tenant.

APPEAL from a judgment of the Superior Court of Im-
perial County.   Franklin J. Cole, Judge.

The facts are stated in the opinion of the court.

Dan V. Noland, and Walter B. Kibbey, for Appellant.

McPherrin & Nichols, for Respondents.

CONREY, P. J.—This is an action whereby the plaintiff seeks to recover damages for breach of the covenants of a written lease of real property. The court having granted defendants' motion for a nonsuit, judgment was entered, from which plaintiff appeals.

The lease was for three years, beginning April 1, 1913. Defendants paid the rent monthly in advance for the period of one year and vacated the premises a few days prior to April 1, 1914. Thereupon the lessor took possession of the premises and advertised for another tenant. During the month of April, 1914, he obtained another tenant to whom he leased the premises for a term of three years, beginning May 1, 1914, and at a rate of rental less than that provided for in the lease which had been made to defendants. Plaintiff claims damages in a sum equal to the difference between the rent which would have been paid under the lease of the defendants and the amount for which he was able to rent the property for the period of the unexpired term of the defendants.

Where a tenant abandons the leased property and repudiates the lease, the landlord may accept possession of the property for the benefit of the tenant and relet the same, and thereupon may maintain an action for damages for the difference between what he was able in good faith to let the property for and the amount provided to be paid under the lease agreement. (*Bradbury* v. *Higginson,* 162 Cal. 602, [123 Pac. 797].) But a lessor who chooses to follow that course must in some manner give the lessee information that he is accepting such possession for the benefit of the tenant and not in his own right and for his own benefit. If the lessor takes possession of property delivered to him by his tenant and does so unqualifiedly, he thereby releases the tenant. (*Baker* v. *Eilers Music Co.,* 26 Cal. App. 371, [146 Pac. 1056]; *Welcome* v. *Hess,* 90 Cal. 507, [25 Am. St. Rep. 145, 27 Pac. 369].) An unqualified taking of possession by the lessor and reletting of the premises by him as owner to new tenants is inconsistent with the continuing force of the original lease. If done without the consent of the tenant to such interference, it is an eviction, and the tenant will be released. If done pursuant to the tenant's attempted abandonment, it is an acceptance of the surrender and likewise releases the tenant.

In this case the plaintiff's testimony presents the facts clearly and without conflict. The defendants informed the

plaintiff that they were going to leave the ranch. They did leave, and omitted payment of the installment of rent which, according to the terms of the lease, fell due April 1, 1914. Without making any further demand upon the defendants, or in any manner informing them as to the course which he would pursue, the plaintiff took possession and made a new lease of the land as above stated. Upon these facts the plaintiff failed to establish any right of action for the damages claimed by him. In *Auer* v. *Penn*, 99 Pa. St. 370, [44 Am. Rep. 114], it was stated that if the tenant gives up the demised premises, the landlord may re-enter and relet, and that such action on his part raises no presumption of acceptance of a surrender, since it is for the advantage of the tenant that he should do so. Referring to that case and that proposition, the supreme court of California in *Welcome* v. *Hess,* 90 Cal. 507, [25 Am. St. Rep. 145, 27 Pac. 369), declared that while there are many cases which hold to this view, "the weight of authority and the better reason is the other way." It follows that the evidence in this case, although construed as favorably as possible to the plaintiff, was insufficient to establish his case and the court was right in granting the nonsuit.

In examining the evidence we have not overlooked the proposed alteration of the lease, which alteration was signed by the lessor and delivered by the lessor to the defendants for their approval, nor the evidence of the circumstances connected with that proposed change in the terms of the lease. The defendants did not sign the proposed supplemental agreement, and it does not appear that any of the things which they did after it was delivered to them amounted to an acceptance or part performance. Throughout the transaction they appear to have acted consistently with the terms of the original lease until the time when they abandoned the premises and thereby offered to surrender the same, which surrender must be deemed to have been accepted by reason of the acts of the plaintiff as above stated.

The judgment is affirmed.

James, J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 14, 1916.