[Civ. No. 6377. Second Appellate District, Division One.—February 13, 1931.]

MRS. S. E. BUSH, Respondent, v. MARY BASTIAN, Appellant.

Buel R. Wood for Appellant.

Willebrandt & Horowitz for Respondent.

CONREY, P. J.—The plaintiff executed to appellant a five-year lease of real property, consisting of a lot and several unfurnished bungalows. Appellant furnished the bungalows, and executed to the plaintiff as security for performance of the covenants of the lease a chattel mortgage on the furniture. Thereafter appellant assigned said lease to the defendant Herbert. In connection with said assignment appellant agreed with plaintiff that appellant would continue to be bound by the terms of the lease. On February 10, 1925, three and one-half months' rent being at the time delinquent, the complaint alleges that the defendants vacated and abandoned the premises, and that the plaintiff informed each of them that she would endeavor to lease the premises and keep them rented for and on account of the defendants, and if the amounts received were insufficient to meet the obligations of the lessees under the lease, plaintiff would hold them accountable for the difference; that pursuant thereto plaintiff did endeavor to keep the premises rented for and on account of the defendants and each of them, and by reason thereof received certain rentals. This action was brought to recover the difference between the net amount received (after paying certain necessary expenses) and the accrued rent for the time to and including the month of October, 1926. The principal litigated issue relates to said alleged abandonment of the premises and the conduct of the plaintiff on reassuming possession after the alleged abandonment. On these issues the decision of the trial court was in favor of the plaintiff.

The chattel mortgage provided that the mortgagee might take possession of the mortgaged property upon failure of appellant to pay rents when due. Upon the fifth day of February, 1925, by reason of rent being unpaid at that time, plaintiff commenced an action for possession of the mortgaged personal property. The writ of replevin was issued. On February 10th, the sheriff, proceeding under said writ, took possession of said personal property on the leased premises. According to the testimony of the plain-

tiff she went to the premises at that time but did not take possession of anything. The sheriff was there proceeding under the writ and Mrs. Herbert was "packing to leave". Plaintiff came back the following day and found that Mrs. Herbert had moved away and the premises were unoccupied.

Appellant first contends that the evidence is insufficient to prove abandonment of the premises on the part of the defendants. We are satisfied that there is no merit in this point.

It is next contended that "The court erred in finding under the evidence that the same was sufficient to allow the respondent to enter the leasehold and rent the premises for the benefit of appellant, holding the appellant accountable for the difference between the highest rent obtainable and the sum specified in the lease." The third and last point is that "There is no evidence in the record that supports or tends to support findings of fact No. XIII and XIV and it was error of the court to find from the evidence that the plaintiff and respondent did not remain in occupancy." Said finding XIII is to the effect that it is not true that the plaintiff remained in occupancy of the leased premises and all or each of the units of said bungalow court. Finding XIV is in effect that it is not true that by any act of the plaintiff the defendants, or either of them, were prevented from re-entering the demised premises or continuing the business of renting the said property, or were compelled to lose any of the personal property in the way of furnishings of said apartments. The findings are amply sustained by the evidence. The defendants having abandoned the leased premises, plaintiff in connection with her resumption of possession thereof very clearly notified the defendants that she was proceeding to relet the bungalows for the benefit of the defendants and with the intention of requiring them to pay the rent provided for in the lease, or so much thereof as she could not obtain from the tenants to whom the bungalows would be rented. The fact that respondent herself occupied one of the bungalows appears to have been a necessary incident to her effort to rent the others, since in order to conduct the business it was necessary for her to be on the premises. Credit was given to the defendants for the reasonable value of the bungalow occupied by the plaintiff, as well as for the rents received from tenants obtained for the other bungalows.

So far as the personal property is concerned, it appears that judgment for possession was obtained by the plaintiff, and, in accordance with the terms of the chattel mortgage, the mortgaged property was sold by the plaintiff and the proceeds of sale were credited to the defendants. It appears to us that the respondent proceeded in accordance with her rights under the lease in such manner that she did not lose her right to recover judgment against the defendants for the unpaid balance of rent which became due, that is to say, for the difference between what she was able in good faith to let the property for and the amount provided to be paid under the lease agreement. (*Rehkopf* v. *Wirz*, 31 Cal. App. 695 [161 Pac. 285].)

The judgment is affirmed.

Houser, J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 9, 1931.