[Civ. No. 11505. First Dist., Div. One.—June 26, 1941.]

GASTON ROGNIER, Appellant, v. ALLEN F. HARNETT, Respondent.

J. E. McCurdy and J. W. Coleberd for Appellant.

Hugh F. Mullin, Jr., for Respondent.

KNIGHT, J.—The defendant, Allen F. Harnett, for about four years prior to September 30, 1936, was the tenant of a dwelling owned by plaintiff, and on that date the tenancy was extended by the execution of a lease for two years at a monthly rental of $110, which provided also for the payment of attorney's fees in case action was brought for a breach of the lease. Defendant continued in possession of the premises until November 17, 1937, when he moved therefrom. The rent was paid to December 1, 1937; and upon the expiration of the full term of the lease, in September, 1938, plaintiff brought the present action, which was tried on an amended complaint containing two counts, the first being for the rent from and after December 1, 1937, amounting to $1100, the second for damages in the sum of $1100 for the alleged abandonment of the premises, and in each count plaintiff asked for the additional sum of $250 as attorney's fees.

The defense interposed by defendant was based upon the claim that he vacated the premises with plaintiff's express consent and permission after plaintiff had agreed to a cancellation of the lease, and that upon the surrender of the premises plaintiff accepted the same and thereafter, for the

remainder of the term fixed by the lease, retained absolute possession and control thereof. The trial court found in favor of defendant and entered judgment accordingly, from which plaintiff prosecutes this appeal, his principal contention being that the evidence is insufficient to support the trial court's finding upon the issue of the cancellation of the lease. There is no merit in the contention.

Whether in any given case there has been a surrender of leased premises by a lessee and an unqualified acceptance of possession by the lessor are primarily questions of fact to be determined by the trial court from the whole transaction. (*Steel* v. *Thompson,* 59 Cal. App. 191 [210 Pac. 430] ; *Triest & Co.* v. *Goldstone,* 173 Cal. 240 [159 Pac. 715].) In the present case the evidence on many points is conflicting, and resolving such conflicts in favor of the prevailing party, and omitting minor details, the salient facts may be stated as follows : On or about October 5, 1937, which as will be noted was approximately six weeks prior to the date on which defendant vacated the premises, he informed plaintiff that he had an opportunity to buy a home, but before doing anything about the matter would like to know what plaintiff's attitude would be regarding the unexpired term of the lease; that is, whether plaintiff would release him therefrom, or permit him to sublet the premises, or require a cash settlement, or just what proposition plaintiff would make. Plaintiff replied he would think it over and let defendant know the next day. After waiting for a reply for two or three days, defendant sent his wife to call on plaintiff; and she also explained to him that they did not want to go ahead with the purchase of a home until they knew what plaintiff intended to do about the lease. Plaintiff replied in effect that inasmuch as they intended to buy a home they would no longer take any interest in his property ; that therefore he would handle his property himself; and he asked her if she would show the place to prospective tenants, while she remained in possession of the property, which she said she would be glad to do. Shortly after this conversation took place and on October 25, 1937, plaintiff listed the property for rent with several real estate agents in that locality at a rental of $150 a month; and on November 1, 1937, defendant closed the deal for the purchase of the property he intended to buy for a home, and on November 17 vacated plaintiff's property, leaving therein temporarily only a few

articles to be used in cleaning up the place. The Harnetts notified plaintiff when they would vacate; and two or three days after they had moved Mrs. Harnett went back to the house to see that the place was in order and take away the few things she had left. She found plaintiff and his son in possession, making repairs to the fireplace, and at that time plaintiff told Mrs. Harnett that he thought he would be able to get $150 a month for the place; that the premises were worth that much; that he had never received adequate rent for the place; and that he formerly received $175 a month. Thereafter and on November 20, 1937, Mrs. Harnett called at plaintiff's office, handed him the keys personally, and told him that the house was in order and that she was grateful to him "for the release". He accepted the keys and neither then nor at any other time prior thereto did he indicate to her that he had changed his attitude respecting the termination of the lease. Before the Harnetts moved several prospective tenants called to inspect the premises. Some were shown about by Mrs. Harnett, and others, during her absence from home, by real estate agents; also before they moved, plaintiff, accompanied by Mrs. Harnett, visited the new home the Harnetts had purchased. Plaintiff was unable to procure a tenant for $150 a month, and on January 5, 1938, acting under the advice of his attorney, he instructed the real estate agents to offer the property for $110 a month until October 31, 1938, and thereafter at $125 a month. In the meantime, to-wit, on December 13, 1937, plaintiff wrote defendant asking what he intended to do about the lease; whereupon defendant sought the advice of an attorney, and in a reply letter this attorney set forth defendant's position relating to the termination of the lease. That letter was written on December 21, 1937, and so far as the record shows, nothing further was done in the matter by plaintiff until he filed the present action some ten months later.

The situation here presented is no different from the one involved in *Baker* v. *Eilers Music Co.,* 26 Cal. App. 371 [146 Pac. 1056], wherein the judgment in favor of the lessee was affirmed, the court saying: "It is alleged by the respondent in its answer, and found to be true by the trial court, that the premises were re-delivered to the lessor on the eighth day of January, and that thereafter during the same month the lessor

took possession of the same and offered them for rent to others. A lease contract may be brought to an end by the surrender of the leased premises and the acquiescence in such surrender by the lessor. Such acquiescence is perhaps best evidenced by his taking possession of the property and assuming again all of the authority over it of an owner in possession. It is immaterial whether it be said in this case that the lessor acquiesced in the rescission attempted to be made by the lessee, or that the parties voluntarily brought their contract relationship to a close by the one delivering up the property to the other and the latter accepting it and proceeding to find another tenant. The same result follows; the contract would come to an end and the relationship of landlord and tenant would cease. . . . A lessor who takes possession of property delivered to him by his tenant and does so unqualifiedly, thereby releases his tenants.'' Even where premises are abandoned by the tenant, who avows his intention not to be bound by his lease, the assumption of actual possession and absolute control of the premises by the lessor, including efforts to let to others, without saying or doing anything to so qualify his acts as to indicate that he is not acting in his own right and for his own benefit, as owner entitled to possession, without saying or doing anything to indicate that he is acting for the benefit of the lessee or reletting on the lessee's account and for his benefit, he will not be heard thereafter to say that he has not accepted a surrender of the term. (*Welcome* v. *Hess,* 90 Cal. 507 [27 Pac. 369, 25 Am. St. Rep. 145] ; *Bernard* v. *Renard,* 175 Cal. 230 [165 Pac. 694, 3 A. L. R. 1076].) ▮ Nor is it essential that the consent of the lessor to a termination of the lease precede the surrender. If it exists at any time, surrender is completed and the lease terminated. For example, if the landlord accepts a surrender or abandonment of leased premises that has already taken place with the intent to terminate the lease, the lease is terminated as effectually as if there had been a valid agreement of surrender in advance. (3 A. L. R., note, p. 1080.)

▮ From the foregoing it is apparent not only that the evidence amply sustains the trial court's finding that plaintiff agreed to a termination of the lease and that defendant's removal from the premises was in pursuance of such agreement, but also that under the legal principles above set forth, plaintiff, by his subsequent actions in taking absolute posses-

sion of the premises and attempting to relet them, without any agreement, express or implied, that defendant's liability for future rent was to continue, legally released defendant from any further responsibility under the lease.

The cases cited and relied on by appellant are not in point for the reason that they were based upon facts establishing repudiation of the lease by the lessee, whereas here, the evidence shows and the trial court found in effect that the surrender of the premises during the term of the lease was in pursuance of an agreement on the part of the lessor to cancel the lease.

Nor is there any merit in the contention made by plaintiff in his reply and supplemental briefs that the allegations of defendant's answer are insufficient to raise the issue of surrender of the lease. While the word "cancellation" rather than "surrender" is used therein, the pleading as a whole, including the denials contained therein, is legally sufficient to bring the case within the doctrine of those above cited, and to support the findings and judgment.

Upon the question of the sufficiency of the evidence plaintiff calls attention to the testimony given by defendant that he tried to secure a tenant for the property, and plaintiff argues therefrom that defendant's activity in that respect is inconsistent with the theory that the plaintiff agreed to a cancellation of the lease. Defendant explained, however, that his only purpose in trying to secure a tenant was to assist plaintiff because plaintiff had released him from the lease. In any event, the question of whether or not there was any inconsistency on the part of defendant in this regard was a matter for the trial court's determination.

The judgment is affirmed.

Peters, P. J., and Ward, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 21, 1941.