[L. A. No. 21382. In Bank. Nov. 29, 1950.]

CHARLES E. YATES, Plaintiff and Appellant, v. H. K. REID et al., Defendants and Appellants.

Arthur T. Stewart for Plaintiff and Appellant.

Albert E. Wheatcroft for Defendants and Appellants.

SHENK, J.—The plaintiff has appealed from that portion of the judgment that he take nothing from the defendants on his complaint for damages alleged to have been suffered by reason of the defendants' abandonment of a lease. The defendants have appealed from that portion of the judgment that they take nothing on their cross-complaint. The latter appeal has not been prosecuted and will be dismissed.

The plaintiff leased a tourist resort to the defendants for a term beginning October 15, 1945, and ending January 14, 1950. The defendants agreed to pay a rental of $300 per month for the first three months and $450 per month thereafter. The defendants took possession and paid the agreed rental until June 15, 1947, when they vacated the premises and ceased paying rent. The plaintiff went into possession and operated the resort until April 7, 1948, when he leased it to a new tenant for a rental of $300 per month. On that date he gave written notice to the defendants that he had relet the premises and was demanding from them $150 per month, the difference between the defendants' and the new tenant's rental payments. On May 20, 1948, the plaintiff gave written notice to the defendants declaring that their lease was terminated and again demanding payment of the deficiency resulting under the new lease. These two written notices were the only communications between the plaintiff and the defendants following the abandonment.

The trial court held that the abandonment of the premises by the defendants with the subsequent reentry by the plaintiff and reletting to a new tenant amounted to a surrender of the lease by operation of law, which relieved the defendants of their obligations under the lease.

■ The plaintiff contends that his actions were not an acceptance of a surrender by the defendants, since the lease expressly authorized him to reenter and to relet. He relies upon a provision in the lease, which reads:

"Should any of the rent reserved be due and unpaid, . . . or should the lessee vacate or abandon said property, . . . the Lessor may, at its option, and without demand or notice of any kind whatsoever, re-enter and take possession of said property and remove all persons therefrom; and should the Lessor elect to re-enter and take possession of said property . . ., said Lessor may, at his option, either terminate this lease and recover from the Lessee all damages caused by the breach hereof of the Lessee, . . .; or, said Lessor may relet said property or any part thereof, . . . . No re-entry of said property by the Lessor, as herein provided, shall be construed as an election on his part to terminate this lease, unless written notice to that effect is delivered to the Lessee . . ."

In view of the foregoing provision in the lease it is clear that the reentry by the plaintiff and his subsequent acts in leasing to the new tenant did not constitute an acceptance of a surrender by the defendants.

The defendants contend that a surrender by operation of law followed necessarily from the conduct of the parties and was unaffected by the terms of the lease. It is true that the conduct of the landlord and tenant may result in a surrender by operation of law. But it is only when their conduct is inconsistent with the rights of the tenant under the lease that such a surrender results. This is illustrated by the cases of *Welcome* v. *Hess*, 90 Cal. 507 [27 P. 369, 25 Am.St.Rep. 145], and *Rognier* v. *Harnett*, 45 Cal.App.2d 570 [114 P.2d 654], upon which the defendants rely. It did not appear in either of those cases that there was, as here, a provision in the lease for reentry by the landlord or for reletting upon the tenant's abandonment. Furthermore the doctrine of the Welcome case has not always been applied. (See *De Hart* v. *Allen*, 26 Cal.2d 829 [161 P.2d 453]; and comments in 34 Cal.L.Rev. 252.)

In the present case the retaking of possession by the plaintiff as landlord and his reletting of the premises were entirely consistent with the rights of the tenants under the lease. The plaintiff did no more than exercise the rights accorded to him. His conduct did not result in a surrender of the lease by operation of law. The provision in the lease was valid and control-

ling. (*Burke* v. *Norton*, 42 Cal.App. 705 [184 P. 45]; *Brown* v. *Lane*, 102 Cal.App. 350 [283 P. 78]; see *Security Realty Co.* v. *Kost*, 96 Cal.App. 626, 628 [274 P. 608]; cf. *Phillips-Hollman, Inc.* v. *Peerless Stages*, 210 Cal. 253 [291 P. 178].)

The trial court found as a fact that the plaintiff took possession of the premises and relet them on his own behalf and not for the account of the defendant. The plaintiff contends that the evidence is insufficient to support this finding. The sufficiency of the evidence on this point, however, need not be decided. It is immaterial that the plaintiff reentered and relet for his own account. The terms of the lease gave him the right to do so if he so desired. ▮ But this is not to say that in assessing damages suffered by him his realizations from the operation of the premises for his own account need not be taken into account. The defendants are liable for the damages suffered by the plaintiff, and the extent thereof depends in part upon the offsetting realizations made from the property by the plaintiff.

The appeal of the defendants is dismissed.

That part of the judgment from which the plaintiff has appealed is reversed.

Gibson, C. J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.

EDMONDS, J.—Generally, a tenant may not terminate his lease by abandoning the premises. "The term is an estate in lands. The tenant, subject to the covenants of his lease, is the owner for the term. If he leaves the demised premises vacant, and avows his intention not to be bound by his lease, his title still continues, unless the landlord has accepted the offer of surrender. The landlord has no more right to the possession or to lease than a stranger. Admit that he may take such care of the property as will prevent waste, still he must not interfere with the right of the tenant to the absolute dominion and control. If he does so interfere, it is an eviction, and the tenant will be released." (*Welcome* v. *Hess*, 90 Cal. 507, 513 [27 P. 369, 25 Am.St.Rep. 145].)

The applicable provisions of the lease to the Reids are: In the event that the lessee should abandon the premises, the lessor may ". . . re-enter and take possession of said property and remove all persons therefrom; and . . . may, at his option, either terminate this lease and recover from the Lessee all damages caused by the breach thereof of the Lessee . . .; or, said Lessor may re-let said property or any part thereof,

for all or any part of the remainder of said term to a tenant or tenants satisfactory to him. . . ."

In June, 1947, the Reids abandoned the premises and ceased paying rent. Yates then took possession, as he was entitled to do under the terms of the lease. Even in the absence of any provision in the lease, that action did not constitute acceptance of a surrender. As stated in *Welcome* v. *Hess, supra,* the landlord may reenter and take possession of the premises for the purpose of preventing waste. Thereafter, Yates did not expressly elect to terminate the lease. According to its provisions, upon a surrender of the property, at his option he might relet it and charge the lessees with any expense or loss occasioned thereby. However, he did not exercise that option but operated the premises on his own account.

The evidence in this regard is without conflict. It shows that for almost a year Yates rented cabins and trailer space to travelers. He maintained a lunchroom upon the premises which he operated under two licenses issued upon his representations that he was conducting the business as its owner. He purchased and installed a neon sign and procured new linens for the rooms. He never made any demand upon the Reids for rent or notified them that he was operating the business for their account. Upon this evidence, the trial court found that his occupancy was for himself as owner of the premises and not on the behalf of the lessee. No other conclusion reasonably could be reached.

The lease gave the lessor no more than the right to reenter and terminate it or to relet the premises. Until he could find a suitable tenant, he had the privilege of taking such steps as were necessary to prevent waste. But he had no right, either by law or the terms of the lease, to exercise dominion and control over the property other than by reletting for all or a part of the unexpired term. The applicable rule of law, as stated in the majority opinion, is that when the conduct of the lessor is inconsistent with the rights of the tenant under the lease, a surrender results. Certainly, the operation of the business by Yates on his own behalf was entirely inconsistent with the terms of the lease and amounted to a surrender of it.

Furthermore, in April, 1948, when Yates found a new tenant, he executed a lease for a term of two years, which was two months beyond the expiration of his lease to the Reids. In *Welcome* v. *Hess, supra,* a reletting for a period longer than the unexpired term was said to show "plainly that he [lessor] was acting in his own right, and not as their [lessees] self-

constituted agent." (90 Cal. at p. 514.) If this is the law, Yates could not have been acting as the agent of Reid in executing the second lease for a longer period of time than Reid's unexpired term. Furthermore, he had no authority to do so by the terms of his lease to the Reids. It allowed the lessor to ". . . re-let said property or any part thereof, for all or any part of the *remainder* of said term. . . ." (Italics added.) Under these circumstances, in the language of the Welcome case, Yates "was acting in his own right" and not as the agent of Reid.

For these reasons, I would affirm the part of the judgment from which Yates has appealed.