WAGLER, P. J.
The plaintiff appeals from that portion of a judgment of the Municipal Court of the City of Oakland which limits his damages under a lease contract to the recovery of attorney’s fees and three months’ rent at the rate of $100 per month. Pertinent provisions of the lease are as follows:
Paragraph 12
“In the event of any default by lessee under any provision of this lease, lessor may at his option terminate this lease. This lease shall not be terminated, however, by reason of any default other than in payment of rent, except after ten days written notice from lessor to lessee of such default, within which ten day period lessee may cure such default, if he is able to do so.”
Paragraph 13
“If lessee vacates the leased premises before the expiration of the term, lessor may enter the leased premises, place all removable property therein in storage for the account and at the expense of lessee, and re-rent the premises upon such terms as to the lessor may seem proper; and the lessee agrees to pay to the lessor all sums thereby expended, including the cost of re-renting, and any difference between the sums if any received from the new tenant as rent during the unexpired portion of the term and for the rent and other sums herein provided to be paid by lessee.”
The trial court found that the defendant paid the rent due under the lease through the month of May, 1950, and abandoned the premises during the month of August, 1950; that thereupon the plaintiff took possession and released the premises to one Mrs. Rourlce, as of October 1st, 1950, for a period beyond the term of the original lease without notice to the defendant. These findings are supported by the evidence.
The evidence also showed without conflict that the plaintiff collected rent from Mrs. Rourke for the months of October and November and that she thereafter abandoned the *931 premises and her whereabouts was at the time "of trial unknown.
From the foregoing facts the trial court drew the conclusion of law that the reletting of the premises by the landlord without notice to the tenant that same was being done on his behalf and that he would continue to hold the tenant liable, constituted a termination of the lease by operation of law and a release of the tenant from any further liability for rent.
This conclusion is erroneous. Respondent relies upon three cases which he contends support the conclusion of the trial court. (Welcome v. Hess, 90 Cal. 507 [27 P. 369, 25 Am.St.Rep. 145] ; Rehkopf v. Wirz, 31 Cal.App. 695 [161 P. 285], and Bradbury v. Higginson, 162 Cal. 602 [123 P. 797].) None of these cases involved a lease which contained a provision similar to paragraph 13 above quoted. All of the cases hold that to constitute a release of the tenant, the conduct of the landlord must be “inconsistent with the continuing force of the original lease.” (Welcome v. Hess, supra, Rehkopf v. Wirz, supra, Bradbury v. Higginson, supra, Rognier v. Harnett, 45 Cal.App.2d 570 [114 P.2d 654] ; DeHart v. Allen, 26 Cal.2d 829 [161 P.2d 453] ; Yates v. Reid, 36 Cal.2d 383 [224 P.2d 8].)
It is true that in the case of Yates v. Reid, supra, the lease contained a further provision that the lessor might “without notice” reenter and take possession, and that no reentry should be construed as an election to terminate “unless written notice to that effect ’ ’ were delivered to the lessee. Such a provision in the present lease no doubt would have eliminated the present controversy, and it is for that reason no doubt a desirable and wise provision. Such a provision, however, is by no means necessary to make the other provisions of the lease effective.
In the present case the retaking of possession by the plaintiff landlord and his reletting of the premises was authorized by the provisions of paragraph 13, to which the defendant had expressly agreed. The conduct of the plaintiff was therefore consistent with the terms of the lease, with the continuation of the lease contract and with the rights of the tenant thereunder. Such reletting therefore did not operate as a termination of the lease and the release of the tenant from further liability for rent.
The plaintiff and appellant is therefore entitled to receive rents for the months of September and December, 1950, and *932 for the first.- three months of 1951, the term remaining under the lease.
Plaintiff also complains of the trial court’s refusal to allow damages in the amount of $25, allegedly expended in cleaning the premises prior to reletting. The testimony regarding this expenditure appears to have been unconvincing, and although defendant offered none to overcome it, the trial court was not bound to accept it. Provided he does not act arbitrarily, the trial judge may reject in toto the testimony of a witness, even though the witness is uneontradieted. Hicks v. Reis, 21 Cal.2d 654 [134 P.2d 788] ; Blank v. Coffin, 20 Cal.2d 457 [126 P.2d 868] ; Davis v. Judson, 159 Cal. 121 [113 P. 147] ; Watwood v. Steur, 89 Cal.App.2d 620 [201 P.2d 460].
The judgment is reversed and the trial court is directed to enter judgment in favor of the plaintiff for five additional months’ rent at the rate of $100 per month or for the total sum of $800 plus counsel fees as previously ordered, and costs.
Ledwich, J., and Hoyt, J., concurred.