PATROSSO, J.
Action to recover rent under a lease in which plaintiff recovered judgment, and defendant appeals.
Insofar as material to a determination of the controversy, the facts may be briefly stated. On December 1, 1949, the parties executed a written lease of the premises in question for a term of three years, commencing December 1, 1949, at a monthly rental of $175. The defendant entered into and occupied the premises until sometime in March, 1951, when he removed from the premises, claiming that the same had de *Supp. 805 teriorated to such an extent that they were not usable for the purpose for which they were let. Following the vacation of the premises by the defendant, plaintiff took possession thereof, made certain alterations, and repairs therein, and undertook to rent the same, with the result that they were rented to others during the months of May and June, 1952. The defendant paid all rent accrued prior to March 1, 1951, but refused to pay any rent thereafter, and the present action was instituted August 26, 1952, seeking recovery of rental from April 1, 1952, to and including the month of May, 1952.
Defendant contends that the act of plaintiff in taking possession of the premises following the vacation thereof by defendant constituted an acceptance of the surrender of the premises, which operated to discharge defendant from further liability thereunder, whereas, plaintiff asserts that in taking possession of the premises he merely did so as agent for and on behalf of the defendant, and as a consequence defendant remains liable for the rent reserved under the lease less only rental received during the balance of the term thereof as a result of the reletting of the premises by plaintiff. In reply defendant contends that the remedy elected by plaintiff is not available to him by reason of his failure to give notice to the defendant that he was taking possession for defendant’s benefit and not in his (plaintiff’s) own right (Siller v. Dunn (1930), 103 Cal.App. 154, 158 et seq. [284 P. 232]; Dorcich v. Time Oil Co. (1951), 103 Cal.App.2d 677, 683 [230 P.2d 10]; Yates v. Reid (1950), 36 Cal.2d 383, 385 [224 P.2d 8], holding this to be the rule except where there is a provision in the lease waiving the requirement of such notice), and, moreover, that the action was, in any event, premature, as it was filed prior to the expiration of defendant’s lease. The latter contention is well taken and requires a reversal; thus obviating any necessity for considering defendant’s further contention that the evidence is insufficient to sustain the trial court’s finding that the plaintiff’s action in taking possession of the premises and reletting the same did not constitute an acceptance of the surrender thereof by the defendant.
It is undoubtedly true, as plaintiff contends, that “Upon surrender of possession by the lessee before the expiration of the lease term, the lessor had three remedies: (1) To consider the lease as still in existence and sue for the unpaid rent as it became due for the unexpired portion of the term; (2) to treat the lease as terminated and retake possession for its own account; or (3) to retake possession for the lessee’s account *Supp. 806 and relet the premises, holding the lessee for the difference between the lease rentals and what it was able in good faith to procure by reletting.” (Kulawitz v. Pacific etc. Paper Co. (1944), 25 Cal.2d 664, 671 [155 P.2d 24].) However, it is equally well settled that where, as here, the lessor elects to avail himself of the third of these remedies, the action does not accrue until the expiration of the term in the absence of an express covenant providing otherwise, which is not the situation here. (Treff v. Gulko (1932), 214 Cal. 591, 598, 599 [7 P.2d 697] ; DeHart v. Allen (1945), 26 Cal.2d 829, 833 [161 P.2d 453].) Nor is the rule otherwise where, as here, the lessor sues only for the rental accrued up to the time of the filing of the action. (Treff v. Gulko, supra, p. 592 et seq.)
The judgment is reversed.
Shaw, P. J., and Swain, J., concurred.